In re INTERSTATE STORES, INC. formerly known as Interstate Department Stores, Inc., et al., Debtors-Appellees.

Irving SULMEYER, as Receiver for the Estate of Esgro, Inc., a Debtor in Chapter XI, Plaintiff-Respondent-Appellant,

v.

Joseph R. CROWLEY and Herbert B. Siegel, as Reorganization Trustees for White Front Stores, Inc., et al., Defendants-Appellants-Appellees.

No. 402, Docket 76–5034.

United States Court of Appeals, Second Circuit.

Argued Oct. 14, 1976.

Decided March 17, 1977.

Harvey R. Miller, New York City (Weil, Gotshal & Manges, Bruce R. Zirinsky, and Lawrence Mittman, New York City, on the brief), for appellant Sulmeyer.

Martin I. Shelton, New York City (Shea, Gould, Climenko & Casey, and Daniel L. Carroll, New York City, on the brief), for appellees.

Irving H. Picard, Asst. Gen. Counsel, S. E. C., Washington, D. C. (David Ferber, Solicitor, S. E. C., Washington, D. C., Meryl E. Wiener, New York Regional Office, S. E. C., New York City, on the brief), for appellee S. E. C.

Joseph Leibowitz, New York City, for Senior Lenders.

Before MOORE, ANDERSON and GURFEIN, Circuit Judges.

ROBERT P. ANDERSON, Circuit Judge:

On February 15, 1973, White Front Stores, Inc., a California corporation and a wholly owned subsidiary of Interstate Stores, Inc., together with White Fronts' affiliates, instituted an action in the Superior Court of the State of California, County of Los Angeles, against Esgro, Inc. (Esgro), a California corporation having its principal place of business in that State. White Front Stores, Inc. (White Front) also had its principal place of business and operated and managed retail stores in California. The purpose of White Front's action against Esgro was to recover payments alleged to be due by Esgro under a license agreement whereby White Front granted certain concessions in its stores to Esgro for an agreed consideration.

On March 13, 1973, Esgro filed in the United States District Court for the Central District of California, a petition for an arrangement under Chapter XI of the Bankruptcy Act, § 322. On March 19, 1973 the California Bankruptcy Court ordered a stay of the suit by White Front against Esgro in the California Superior Court. A few days thereafter White Front and its affiliated corporations, collectively referred to as White Front, filed a proof of a general unsecured claim in the California Bankruptcy Court in Esgro's Chapter XI proceeding. On May 7, 1973 the California Bankruptcy Court lifted the stay from the continuance of the action in the California Superior Court and Esgro was authorized to defend the action by White Front and to assert all claims for affirmative relief. On July 27, 1973 Esgro filed its answer in the suit and a cross-complaint seeking aggregate damages of $38,000,000 against White Front, et al.

Almost a year later, i. e. May 22, 1974, Interstate Stores, Inc. and 188 subsidiary corporations, including White Front Stores, Inc. (referred to herein collectively as Interstate Stores), filed petitions in the United States District Court for the Southern District of New York under Chapter XI, § 322 of the Bankruptcy Act. On June 13, 1974 the same petitioners amended the application to seek reorganization pursuant to Chapter X of the Bankruptcy Act. The court approved the amendment on the same day and stayed all other proceedings against them. The district court also ordered a general reference of the proceedings to a bankruptcy judge, except to the extent that Chapter X reserved certain matters for resolution by the district court, and except for the reservation of "the right and jurisdiction to make, from time to time, and at any time, such orders amplifying, extending, limiting or otherwise modifying this order as the Court may deem just and proper." This reservation was repeated in an August 14, 1975 order by the same district judge slightly modifying the general reference.

Meanwhile, in the United States District Court for the Central District of California in the Chapter XI proceeding of Esgro, a plan of arrangement, following several revisions in 1974, 1975 and March and April of 1976, was finally presented, agreed to, and approved by the district court on May 18, 1976, and in the accompanying decree the United States District Court in California expressly reserved jurisdiction "for the purpose of causing to be brought to trial those issues presented by the claim of . . . [Esgro] against White Front Stores, and against Interstate Stores, Inc. and by White Front against . . . [Esgro] and others . . ." to be determined in the plenary action in the Superior Court of California and over the distribution of any proceeds which might be allotted to Esgro.

Sulmeyer, appointed by the Bankruptcy Court for the Central District of California as receiver for the Chapter XI estate of Esgro, filed in the Chapter X proceeding in the Southern District of New York, a proof of claim in excess of $38 million on behalf of Esgro, based upon the same allegations of fraudulent misrepresentations as were raised by Esgro in its cross-complaint in the suit instituted in the California Superior Court.

The Trustees for Interstate filed their objection to Esgro's claim on April 14, 1976. Thereupon Esgro filed a complaint in the bankruptcy court in the Southern District

of New York under Rule 10–601 of the Bankruptcy Rules, seeking dismissal of the Trustees' objection to its claim and a modification of the district court's stay on suits in order that the prosecution of Esgro's cross-complaint in the California state court action might go forward in accordance with the instructions of the United States District Court for the Central District of California. The bankruptcy judge in the Southern District of New York held a hearing and issued an order on May 26, 1976, modifying the stay, and directing the parties to apply to the California Superior Court for an advance trial date, to complete discovery on an expedited basis and to report to the bankruptcy court in the Southern District of New York by July 8th, the result of their application to the California state court. The order denied the remaining requested relief. Subsequently, the Trustees moved to expunge Esgro's claim for failure of that firm's president to appear for a scheduled deposition. In denying this motion on June 6, 1976, the bankruptcy judge ordered that all further discovery proceedings involving Esgro's claim and the California suit be conducted under the control of the California state court. Neither ruling by the bankruptcy judge was appealed to the district court.

On July 7, the Trustees for Interstate applied to the bankruptcy court in the Southern District of New York for an order setting a trial date on the Esgro claim, and informed the bankruptcy court that the California court had set November 15 as the trial date. They argued that that date was not firm and that further delay would hamper the expeditious formulation of a reorganization plan. The bankruptcy judge, however, denied this application on July 23, 1976. The Trustees appealed the denial of their motion to the district court.

On September 1, the district court set aside the bankruptcy court's order and vacated the June 13, 1974 district court order of reference of the Chapter X proceedings to the bankruptcy judge with respect to the Esgro claim.

The district court judge was troubled because the debtors' estates continued to suffer substantial losses from the long delay in getting the case to trial. He resolved to bring all the contending parties before him and to commence forthwith the trial of the issues, including those between White Front and Esgro pending in the state court of California, and assigned October 18, 1976 as the trial date for the case.

Esgro, however, on September 2, 1976, appealed to this court, the district court's order of September 1st, on the ground that the bankruptcy judge's findings were not clearly erroneous and that therefore the district court had no authority to set aside the bankruptcy judge's order and revoke the referral of the case to him. The Chapter X Trustees asserted that the district court's order was not appealable because it did no more than assign a date for the trial. As an adjunct of the appeal to this court, Sulmeyer, receiver for the Chapter XI estate of Esgro, on November 9, 1976, noticed a motion to suspend and stay the execution of the order of September 1, 1976 by the United States district judge and the then latest assignment of the case for trial on November 18, 1976. Between September 1st and November 9th, however, in spite of the commendable efforts of the district judge, there had occurred further delays, some of which were unavoidable.

The appeal to this court came on for oral argument on October 14, 1976. The motion subsequently noticed, i. e. on November 9th, 1976, by Esgro to suspend and stay the execution of the district court's order of September 1, 1976, was submitted to this court in conjunction with the appeal already heard and held under advisement.

After deliberating on the motion this court granted it on November 23, 1976 to allow the trial in the state court of California to go forward on November 29, 1976, as previously assigned by that court. This court has since been advised that a trial before the court and jury in the Superior Court for the Los Angeles County, State of California has in fact been held and a judgment entered in the case.

■ There are several factors which, in the opinion of this court, called for the granting of Esgro's motion.

The proceedings in Esgro's Chapter XI in the United States District Court for the Central District of California, derived from White Front's suit brought against Esgro in the state court of California. The Chapter XI petition was filed and the proceedings commenced in the United States District Court for the California district nearly a year before the XI petition (later Chapter X) was filed in the Southern District of New York by Interstate Stores. The United States District Court in California had designated the California state court as the appropriate tribunal in which to try out, before a judge and jury, the plenary action to adjudicate the contested claims by White Front, Interstate Stores, Inc., et al., on the one hand and Esgro, et al., on the other. Except for lifting the stay as to this particular state court action, all other actions against Esgro were stayed and remained so through the commencement of the Chapter XI (later Chapter X) proceedings re Interstate Stores in bankruptcy in the United States District Court for the Southern District of New York and up to the present time. White Front and its affiliated corporations filed their claims against Esgro's Chapter XI estate in the California bankruptcy court in late March, 1973. An amended proof of these consolidated claims was filed on April 29, 1976. At that time the White Front (Interstate Stores) claim was under the jurisdiction of the California bankruptcy court. In confirmation of Esgro's Chapter XI arrangement, the United States District Court for the Central District of California on May 18, 1976 again restrained and enjoined claimants against Esgro's estate for claims which had existed prior to Esgro's XI petition filed on March 31, 1973, from "initiating any . . . suits or proceedings . . ." against Esgro. This was plainly applicable to the White Front, et al., claim against Esgro concerning which the United States District Court for Central California had expressly reserved jurisdiction and which was a vital part of the plenary suit in the California state court which the district court had authorized to proceed. It is, therefore, apparent that when on October 21, 1976, the Trustees for the estate of Interstate Stores (including White Front . . . etc.), with the approval of the district court in New York, filed a counterclaim, consisting in substance of the same allegations as those in its complaint in *White Front Stores v. Esgro* in the state court of California and the same as those in White Front's proof of claim in Esgro's Chapter XI proceedings in the California bankruptcy court, the Trustee's were acting in contravention of the restraining orders and injunctions issued by the United States District Court for the Central District of California in forbidding the initiation of suits against the debtor, Esgro.

Other factors which were persuasive in designating the California state court as authorized by the United States District Court for the Central District of California as the appropriate tribunal for the determination of the respective claims of White Front Stores (Interstate Stores) et al., and Esgro, et al., are that the greater part of the potential witnesses are in California, the businesses of the parties were, in the main carried on there, and the fact that a "compelled" trial of the Esgro claim against Interstate Stores, et al., in the United States District Court for the Southern District of New York would have given rise to a number of legal and equitable issues which the district court would first have had to resolve before getting to the actual trial, which would have delayed the decisions on the respective claims for a long time. The discovery and disclosure proceedings in preparation for the California state court trial had been completed, while those in the New York district had barely started. Moreover, at the time of this court's order, the California Superior Court was the only court which had all of the parties before it.

We are satisfied that the interests of justice, the convenience of the parties and the potential witnesses required that execution of the order of the United States Dis-

trict Court for the Southern District of New York entered on September 1, 1976 in this case be suspended and stayed, as was done by this court on November 23, 1976.

As a result of that order of this court and the pursuit of the action by all the parties in the state courts of California, this appeal has become moot and should be dismissed. It is so ordered.